Shankar Singh DAROCH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70736.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Ronald N. Ohota, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Shankar Singh Daroch, a native and citizen of India, petitions for review of the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination, *see Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's adverse credibility determination, *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), and we grant the petition.

■ The IJ offered four reasons for not finding Daroch credible, none of which is a valid basis for such a determination. The IJ doubted Daroch's credibility, in part, because Daroch admitted he lied in order to obtain his non-immigrant visa. This Court has held that false statements made in the attempt to gain entry into the United States may not be the basis of an adverse credibility finding. *See Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir. 1999).

■ The IJ also based his adverse credibility finding on inconsistencies in the way dates were written in a letter from Daroch's political party that he submitted into evidence. The record indicates that when these minor inconsistencies were pointed out to him, Daroch ventured an explanation that he indicated, when pressed, was speculation. The record does not support the IJ's own speculation that Daroch therefore lacked personal knowledge of the matters described in the letter, and the IJ therefore erred in basing an adverse credibility finding on Daroch's testimony about the letter. *See Shah*, 220 F.3d at 1071.

The record also does not support the IJ's conclusion that Daroch misled the court about the existence of an army policy that prevented him from being politically active while serving in the military. The concept of an "army policy" was introduced by the attorneys, not Daroch. When asked about the existence of such a policy, Daroch consistently answered that he knew of no such thing. Daroch's testimony that he "could not" be a member of the party while in the military does not require the existence of any such "policy," given Daroch's testimony that earlier protests against government action against the Sikhs had resulted in the delay of a promotion to which he was entitled.

■ Finally, the IJ based his adverse credibility finding on his belief that Daroch would not have suddenly become politically active after his retirement from the military. This conclusion reflects the IJ's unsupported assumptions and speculations, which may not be the basis of an adverse credibility finding. *See Shah*, 220 F.3d at 1071. Moreover, the IJ's suspicions about Daroch's political transformation are contradicted by the record. Daroch testified that he had previously attended rallies while on leave, and there is nothing in Daroch's testimony that indicates he assumed any sort of leadership role in the party after his discharge from the military.

We therefore remand this matter to the BIA for a determination, accepting Daroch's testimony as credible, whether Daroch is otherwise eligible for asylum and for the exercise of discretion whether to grant his application. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**