FILED

DEC 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHANKAR SINGH DAROCH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70464

Agency No. A077-426-968

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2014[**]
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District Judge.[***]

**1.** Shankar Singh Daroch, a native and citizen of India, petitions for review

of the BIA's dismissal of his appeal from an IJ's decision denying his application

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

for asylum. Daroch has been seeking asylum since December 1998. This is the second time his case has come before the Ninth Circuit—in 2004, this court reversed an IJ's adverse credibility determination and remanded the case to the BIA. *Daroch v. Ashcroft*, 96 F. App'x 541, 542 (9th Cir. 2004). The BIA, in turn, remanded the case to an IJ, who denied Daroch's application on two alternative grounds: first, that Daroch was not credible; and second, that Daroch could safely relocate elsewhere in India. The BIA upheld the IJ's decision on the relocation issue alone.

**2.** As the BIA did, we decline to address the IJ's credibility finding, and instead assume without deciding that Daroch's testimony was credible. Nonetheless, substantial evidence supports the BIA's conclusion that the government rebutted any presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). The government submitted a great deal of evidence concerning country conditions, including reports from the State Department and from foreign governments indicating, among other things, that Sikhs occupy high levels of government and travel and worship freely throughout the country. Further, the evidence suggests that local police in the Punjab have neither the inclination nor the resources to pursue low-level members of the Akali Dal Mann Party, and Daroch, formerly a very junior military officer, introduced no evidence

that he had a significant role in Party affairs.  Finally, Daroch himself admitted he could relocate to one of the many Sikh communities in India outside the Punjab.

3.  The IJ did not abuse his discretion in refusing to grant a continuance so that Daroch might obtain the testimony of an expert witness.  Daroch had sufficient time before the hearing to arrange for such testimony, which would not have been material in any case, as it could have helped Daroch only with respect to credibility.  Because this court accepts Daroch as credible for the purposes of this appeal, any error would have been harmless.

4.  Daroch's due process claim also lacks merit.  We agree with the BIA that the IJ never abandoned his role as an impartial judge.

**PETITION DENIED.**